**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

XI LIN,

        *Petitioner*,

v.                                     Case No. 3:26-cv-656-WWB-PDB

U.S. ATTORNEY GENERAL, et al.,

        *Respondents.*
_____

## <u>ORDER</u>

Petitioner, a native of the People's Republic of China, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). At the time Petitioner filed this case, United States Immigration and Customs Enforcement ("**ICE**") was detaining Petitioner at Baker Correctional Institute.[1] (*Id.* at 1). He is proceeding on an Amended Petition challenging, *inter alia*, ICE's December 16, 2025 revocation of his order of supervision ("**OSUP**") and re-detention. (Doc. 12). Petitioner explains that before the revocation, ICE provided him with no statement of reasons, no notice, and otherwise failed to produce any revocation documents. (Doc. 19 at 5–7). He also contends that ICE failed to afford Petitioner with an opportunity to respond or be heard on the matter, which runs afoul of ICE's regulations governing the revocation of an OSUP. (*Id.* at 6). As relief, Petitioner requests that the Court order his release under the same conditions as his 2014 OSUP. (Doc. 12 at 10).

---

[1] Petitioner is now housed at Prairieland Detention Center in Texas.

In their Response, Federal Respondents admit that ICE unlawfully revoked Petitioner's OSUP when it re-detained him on December 16, 2025. (Doc. 18 at 2 n.1). According to them, "the revocation of the [OSUP] was not done at the time of detention, but ICE is in the process of completing the revocation now." (*Id.*). They explain that if they receive the revocation documents, they will update the Court. (*Id.*). In any event, they acknowledge that courts in this District have released detainees after finding that an OSUP was improperly revoked. (*Id.* (citing *Someillan v. Mullin*, No. 2:25-cv-1213-JES-DNF, 2026 WL 1146076, at *5–8 (M.D. Fla. Apr. 28, 2026))).

In his Reply, Petitioner explains that Federal Respondents have still produced nothing to show that his OSUP was properly revoked. (Doc. 19 at 7). According to Petitioner, to the extent that Federal Respondents rely on the "Warrant of Removal," (Doc. 18-5 at 1), a supervisory detention and deportation officer signed that warrant, not the Field Office Director who has authority to execute such a document, and while the Field Office Director may delegate that job, Federal Respondents do not attempt to make that argument. (*Id.*).

To that end, because Federal Respondents concede that ICE unlawfully revoked Petitioner's OSUP, and to date, have provided no evidence to show otherwise, the Court finds Petitioner is entitled to immediate release under the conditions of his original OSUP.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition (Doc. 12) is **GRANTED only to the extent stated herein**. Respondents shall release Petitioner **within 24 hours of this Order**, subject to and in accordance with the conditions in his original order

2

of supervision.[2]    Upon release, Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to enter judgment granting the Amended Petition, terminate any pending motions as moot, and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 8, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Counsels of record

---

[2] Because the Court grants relief on Petitioner's OSUP claim, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

3